## Prusik v. Alexander

*Richard A. Hernan, Jr.* and *Harry D. Martin,* for movants.

*Thomas E. Africa,* for defendant.

WOLFE, *P.J.,* September 26, 1980—This case has been concluded by entry of motion for judgment on the pleadings in favor of plaintiffs. For our disposition is motion by plaintiffs and by defendant Angus E. Wootten, d/b/a Brokenstraw Oil Development Company, for counsel fees and costs against defendant Maybelle Alexander.* ·

The dispute between the parties initially concerned the drilling of oil and gas wells on 42 acres of land situate in Brokenstraw Township. The essence of plaintiffs' complaint was that plaintiffs were the owners of the oil, gas and mineral rights by virtue of a reservation in a deed by their predecessors in title dated November, 1948 and recorded in Deed Book 236, page 151. The conveyance contained the following language:

"Excepting and reserving from this conveyance unto the grantors, their heirs, executors, administrators and assigns, all of the oil, gas and other minerals lying in and under the above described premises with the exclusive right to prospect for

---

*Maybelle Alexander died December 12, 1979 during the course of the litigation and Warren National Bank was granted letters testamentary under defendant's will and has succeeded to the interest of the defendant-decedent to conclude the litigation.

and exploit the same and sufficient use of the surface thereof and right to lay, maintain and operate pipe lines for oil and gas and to erect and maintain necessary buildings, machinery and other equipment, with the right reserved to remove any buildings, machinery, pipe line, equipment or other property located or placed on the said lands in connection therewith, and further reserving unto the said grantors, their heirs, executors, administrators and assigns, the right of way across, upon, through, and over said lands, for the purpose of prospecting for and producing oil and gas."

In the complaint plaintiffs sought to quiet their title and for an accounting for oil and gas removed allegedly by defendants therefrom. Defendant, Maybelle Alexander, in her answer admitted the reservation and, under new matter pleaded laches against plaintiffs and asserted a counterclaim against plaintiffs claiming ownership to the oil, gas and minerals in question on the basis of adverse possession. Finally, defendant, Maybelle Alexander, filed the motion for judgment on the pleadings which was argued and decided in favor of plaintiffs.

The current motion is grounded in section 2503 of the Judicial Code, 42 Pa.C.S.A. §2503(7) and (9):

"The following participants shall be entitled to a reasonable counsel fee as a part of the taxable costs of the matter: . . . (7) Any participant who is awarded counsel fees as a sanction against another participant for dilatory, obdurate or vexatious conduct during the pendency of a matter. . . . (9) Any participant who is awarded counsel fees because the conduct of another party in commencing the matter or otherwise was arbitrary, vexatious or in bad faith."

Prior to the answer, new matter and counterclaim, a chamber's conference was held with counsel representing the respective parties present and defendant Alexander admitted there was no apparent defense to plaintiffs' claim.

At the hearing on the motion for judgment on the pleadings defendant Alexander did not offer any witnesses to support the claim of laches or adverse possession but rather offered into evidence a document showing the familial relationship between two parties who owned the surface rights to the premises prior to the commencement of the litigation. This exhibit was utterly void of any defense to the action.

Defendant argues her claim of laches and adverse possession as well as motion for judgment on the pleadings were justified and proper because counsel was left without a client when defendant died during the course of litigation, "and before all information essential to the understanding of this case could be elicited from her."

Defendant also claims that after defendant's preliminary objections were denied counsel was under an obligation to file an answer within the allocated time of 20 days which was done and in preparing the answer the affirmative defense of laches and the counterclaim had to be raised or forever lost. Counsel for defendant does admit at the chamber conference discussing defendant's preliminary objections and other matters there was no apparent defense. Counsel also acknowledges other counsel who initially represented defendant was of the opinion defendant had no claim to the oil, gas and minerals.

Counsel for defendant argues he was of the opinion, since his client was ill and died during the

course of the pleading preparations and on-going litigation it was therefore a matter of desperate necessity to file a pleading beyond an answer to the complaint. We cannot agree.

We are mindful it is urgent we do not "second guess" counsel as to what would have been a better course of action after the case is completed. In this regard we do not hold or infer counsel for defendant was acting in bad faith or unprofessionally. We appreciate counsel was confronted without a client; however, the subject matter or res was not in personam but in rem. Either the title record or physical inspection of the property would determine the merit of the propriety of a counterclaim or new matter pleading laches. In our view the only possible defense would be of title record indicating a release of the oil, gas and minerals or a physical inspection of the premises to determine if the oil, gas and minerals had been or were being removed by other than plaintiffs. The death of Maybelle Alexander could neither add nor detract from any defense to support the alleged laches or counterclaim. We conclude the filing of the answer to the complaint was clearly necessary but to go beyond an answer and require an affirmative response by the other parties was totally unwarranted.

The obvious purpose, indeed the stated words of the pertinent Judicial Code, is to award counsel fees against one who reverts to dilatory, obdurate and vexatious conduct during the pendency of a suit. Clearly the pleaded new matter and counterclaim was obdurate and that justice requires an award of reasonable counsel fees and costs in this case, including mileage and expenses by those parties required to meet the new matter and counterclaim.

For these reasons we enter the following

## ORDER

And now, September 26, 1980, the motion of plaintiffs and Angus E. Wootten, trading and doing business as Brokenstraw Oil Development Company, defendant, for counsel fees and costs against the Estate of Maybelle Alexander is granted.

The counsel fees, costs and expenses shall be calculated commencing with the legal time and expense incurred by counsel for the parties subsequent to the service of the answer by Maybelle Alexander and shall be submitted to the court in invoice form verifying dates and counsel time expended to the end the court can determine the "reasonableness" thereof.